NORTH CAROLINA                                    IN THE GENERAL COURT OF JUSTICE
                                                   SUPERIOR COURT DIVISION
ROWAN COUNTY                                       22 CvS 176
                        FILED
KAREN FOXX,                )
                2022 JAN -P 3:23
            Plaintiff,     )
i.                         )
            ROWAN CO. C.S.C
                           )                        COMPLAINT
OUTBACK STEAKHOUSE OF      )
FLORIDA, LLC,      BY      )
                           )
            Defendants.    )
_____)

NOW COMES the Plaintiff, by and through her counsel, who, for her cause of action alleges and says as follows:

1. That the Plaintiff is a citizen and resident of Salisbury, Rowan County, NC.

2. That, upon information and belief, Defendant Outback Steakhouse of Florida, LLC is a Limited Liability Company duly created and existing under the laws of the State of Florida, with a place of business located at 1020 East Innes Street in Salisbury, Rowan County, North Carolina.

3. That, upon information and belief, Defendant owns and operates an Outback Steakhouse restaurant located at 1020 East Innes Street, Salisbury, NC, on land which it leases from MDC Coast 4 LLC and/or its successor-in-interest MDC NC1, LP.

4. That, on or about February 16, 2019, Plaintiff entered Defendant's restaurant located at the 1020 East Innes Street in Salisbury to dine; at all times relevant herein, the Plaintiff was at said restaurant as a customer of the Defendant.

5. That, after dining and as Plaintiff walked through the restaurant on her way out of the restaurant, and while exercising due care for her own safety, Plaintiff encountered a wet spot on the floor when her feet slipped out from under her and she fell violently to the ground causing injury, including injury to her right shoulder.

6. That, upon information and belief, the area on the floor where Plaintiff had fallen had become wet because of a spill created by one of Defendant's employees and the area remained wet and slippery for a sufficient length of time that it should have been cleaned up or otherwise made safe by Defendant's restaurant staff prior to Plaintiff's fall.

7. That, upon information and belief, the Defendants knew, or reasonably should have known, that the area where Plaintiff fell was wet and slippery, representing an unsafe and hazardous condition that was likely to cause injury to its patrons, such as Plaintiff.

8. That the dangerous condition created by Defendant's employee where Plaintiff fell, and the injuries Plaintiff sustained as a result of her fall, were proximately caused by the negligence of the Defendant, including but not limited to the following acts of negligence:

a) That Defendant failed to maintain its premises in a reasonably safe condition by allowing the area where liquid and/or a slippery substance had been spilled on the floor to remain without warning its customers of the hazardous condition present;

b) That Defendant created a latent hazardous condition by allowing liquid and/or a slippery substance to remain on the floor without taking steps to remedy the condition or by attempting to clean the area without doing so effectively; AND

c) That Defendant failed to implement restaurant policies and procedures relating to the maintenance and monitoring of its premises in a reasonably safe manner with due and proper care for the safety of its patrons or, to the extent Defendant had implemented adequate policies and procedures, the Defendant failed to exercise due care and circumspection with regard to compliance with or enforcement of such policies and procedures.

That the aforesaid conduct amounts to a breach of Defendant's duty to maintain its business premises in a reasonably safe condition free from latent hazards with due regard to the rights and safety of its patrons, including the Plaintiff, as well as a breach of Defendant's duty to warn its patrons of hazards present.

10. That as a direct, foreseeable, and proximate result of the Defendant's negligence, Plaintiff has suffered painful personal injuries and she is entitled to recover damages, including but not limited to the following:

a) Expenses for the care and treatment of the aforesaid injuries, including doctor fees, hospital charges, diagnostic testing fees, skilled nursing care, and the like, past, present and future;

b) Pain and suffering, past, present and future;

c) Out-of-pocket expense incurred or to be incurred for medications and medical devices, past, present and future;

d) Permanent impairment of her physical faculties;

e) Loss of use of her physical faculties, past, present, and future; AND

f) Permanent scarring and disfigurement.

11. That the Defendant is liable to Plaintiff for said damages, which exceed the sum of Twenty-Five Thousand Dollars ($25,000).

WHEREFORE, having set forth her cause of action herein, Plaintiff prays the Court for the

following relief:

1. That the Plaintiff have and recover judgment against the Defendant for an amount which exceeds the sum of Twenty-Five Thousand Dollars ($25,000) plus interest at the highest rate allowed by law from and after the filing of this action until paid.

2. That the costs of this action be taxed against the Defendant.

3. For such other and further relief as the Court deems just and proper.

This the 31st day of January, 2022.

DORAN LAW OFFICES
Attorney for Plaintiff

By: _____
MICHAEL DORAN
NC State Bar No. 10855
Post Office Box 1006
Salisbury, NC 28145-1006
T: (704) 216-1544
T: (704) 245-6415
mdoran@doranlaw-nc.com